NO. 07-10-00324-CR
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL C
 
--------------------------------------------------------------------------------
NOVEMBER 15, 2011
--------------------------------------------------------------------------------

 
 JAMES CODY SULLIVAN, APPELLANT
 
 v.
 
 THE STATE OF TEXAS, APPELLEE 
--------------------------------------------------------------------------------

 
 FROM THE 64TH DISTRICT COURT OF CASTRO COUNTY;
 
 NO. A3000-0504; HONORABLE ROBERT W. KINKAID JR., JUDGE
--------------------------------------------------------------------------------

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

 MEMORANDUM OPINION
 Appellant, James Cody Sullivan, pleaded guilty to forgery of a financial instrument, a state jail felony, and was sentenced to two years in a State Jail Facility (SJF), however the term of confinement was suspended and appellant was placed on community supervision for a period of four years. Thereafter, an agreed order modifying appellant's community supervision was filed that required appellant to complete the program at the Brownfield Regional Treatment Center. After completion of this program, a second and ultimately, a third order modifying appellant's community supervision were filed. Finally, the State filed a motion to revoke appellant's community supervision. At the hearing on the State's motion to revoke community supervision, appellant pleaded "True" to the allegations contained in paragraphs two through five. After receiving appellant's pleas of "True" and other evidence, the trial court revoked appellant's community supervision and sentenced him to serve two years in a SJF. Appellant has appealed the decision of the trial court to revoke his community supervision. We affirm.
Appellants attorney has filed an Anders brief and a motion to withdraw. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 498 (1967). In support of his motion to withdraw, counsel certifies that he has diligently reviewed the record, and in his opinion, the record reflects no reversible error upon which an appeal can be predicated. Id. at 744-45. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the trial courts judgment. Additionally, counsel has certified that he has provided appellant a copy of the Anders brief and motion to withdraw and appropriately advised appellant of his right to file a pro se response in this matter. Stafford v. State, 813 S.W.2d 503, 510 (Tex.Crim.App. 1991). The court has also advised appellant of his right to file a pro se response. Appellant has not filed a response.
By his Anders brief, counsel raised a ground that could possibly support an appeal, but concludes the appeal is frivolous. We have reviewed this ground and made an independent review of the entire record to determine whether there are any arguable grounds which might support an appeal. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App. 2005). We have found no such arguable grounds and agree with counsel that the appeal is frivolous.
Accordingly, counsels motion to withdraw is hereby granted and the trial courts judgment is affirmed.

 Mackey K. Hancock
 Justice
Do not publish.